PEOPLE v FRAZIER

CRIMINAL LAW—SENTENCING—PERMISSIBLE CONSIDERATIONS—ADMISSIONS OF DEFENDANT.

A trial judge when sentencing a defendant may not consider an unproven allegation of another offense, but the judge may consider the admissions of the defendant.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 November 14, 1974, at Detroit. (Docket No. 19854.) Decided January 9, 1975.

Larry Frazier was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training, and Appeals, and *Steven Rabinovitz,* Assistant Prosecuting Attorney, for the people.

*Elizabeth Schwartz,* Assistant State Appellate Defender, for defendant.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 527.

40 Am Jur 2d, Homicide § 549 *et seq.*

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. The defendant, after having been charged with first-degree murder, pled guilty to an added count of manslaughter. MCLA 750.321; MSA 28.553. He received a sentence of 10 to 15 years in prison and he now appeals.

The sole issue raised on appeal is that the trial court relied on an impermissible consideration in imposing sentence. In response to defense counsel's plea for leniency, the trial judge stated that the facts elecited at the plea-taking indicated that the defendant was guilty of first-degree murder and that lenient treatment was not appropriate. The trial court reviewed the facts at some length and concluded that whatever mercy was appropriate to this case had been accorded by allowing the defendant to plead to the manslaughter charge.

The defendant places his main reliance on *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972). However, that case is distinguishable. In *Grimmett* the sentencing judge had assumed the guilt of the defendant of a murder for which he had never been convicted. In *Grimmett* the Supreme Court pointed out that the sentencing judge could consider the defendant's admission in imposing sentence and that is exactly what was done in this case. The sentencing judge considered the admissions of the defendant, made at the plea-taking, and concluded that any mercy beyond allowing a plea to a reduced charge was not appropriate. In so doing no error was committed.

This is not a case where an unproven allegation of another offense was considered. The defendant admitted killing his victim and the circumstances under which the crime was committed. It is not error to consider the nature of a crime to which a defendant has pled guilty.

Affirmed.